IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DWIGHT HAMPTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CA-806-XR |
| | § | |
| BEXAR COUNTY SHERIFF SUSAN PAMERLEAU, et al., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this date, the Court considered the Report and Recommendation of the Magistrate Judge (docket no. 30) and the objections thereto.

## BACKGROUND

Plaintiff Dwight Hampton, acting *pro se*, initiated this suit on or about September 11, 2014 when he filed his complaint alleging a 42 U.S.C. § 1983 Prisoner Civil Rights violation.[1] Docket no. 1.  Hampton also filed a motion to proceed *in forma pauperis* on the same day. Docket no. 2. In the complaint, Hampton claimed that while he was in the custody of the Bexar County Adult Detention Center ("BCADC") on February 9, 2012, a "shakedown" occurred that resulted in him being "beat in the face with a baton" by John Doe #1 for "several minutes" while John Doe #2 and John Doe #3 "held [Hampton] up" and Sgt. Jane Doe "[failed to] stop [the] 3 guards from holding and beating [him] while in [he was] in handcuffs."[2]  Docket no. 1 at 3-4. Hampton claimed he did not resist at any time during the alleged altercation. *Id*. at 4.  Hampton

---

[1] Hampton's complaint was signed on August 22, 2014.  Docket no. 1 at 5.  The envelope that Hampton used to mail the complaint had a postal cancellation date of September 9, 2014.  Docket no. 1-2.

[2] Hampton originally included Bexar County Sheriff Amadeo Ortiz as a Defendant because Ortiz "[d]id knowingly employ abusive guards who attacked and seriously injured [him]."  Ortiz preceded Pamerleau as Bexar County Sheriff.

1

alleged that this event caused "severe injuries to [his] eye and face," which included "a cut on the inside of [his] right eyelid which required 7 stiches and a broken nose." *Id*. Hampton alleged that he had to stay in a hospital overnight. *Id*. In his complaint, Hampton sought declaratory, punitive, and compensatory relief. Docket no. 1 at 4.

Hampton attached a Grievance Form to his original complaint. Docket no. 1 at 6. In the Grievance Form, Hampton described the same incident contained in the complaint, but listed the incident date as February 9, 2013, not February 9, 2012.[3] *Id*. The Grievance Form was received by a Grievance Officer on February 14, 2013 and was reviewed and signed by a Grievance Supervisor on February 20, 2013.[4] *Id*.

The Magistrate Judge granted Hampton leave to proceed *in forma pauperis* and ordered service of Hampton's complaint on Pamerleau on September 25, 2014. Docket no. 3. Pamerleau filed an answer on October 21, 2014. Docket no. 8. On November 10, 2014, Hampton filed an "affidavit in support of his complaint."[5] Docket no. 14. In the "affidavit," Hampton stated the incident date multiple times as February 9, 2012 and that "a claim was presented [regarding the incident] within the 2-year [limitations] period." Docket no. 14 at 1. Hampton also stated that he suffers from "a long history of mental illness"[6] and that he was assaulted while in the "Mental

---

[3] Hampton submitted a nearly identical Grievance Form on June 19, 2015. Docket no. 28 at 6. However, the second Grievance Form had dates that had been noticeably altered and did not show that it was received by a Grievance Officer. *See id*. Hampton explained the discrepancy in his "rebuttal" to the Magistrate Judge's Report and Recommendation, stating that when he found the second Grievance Form, he altered it because he thought the "layman" who had helped him write it had put down an incorrect incident date. *See* docket no. 40 at 5

[4] Although the original "date" on the Grievance Form seems to have been altered at some point to read February 13, 2013, the "incident date" does not appear to be tampered with and clearly shows the incident date as February 9, 2013. *Id*. The dates on which the Grievance form was received by a Grievance Officer and reviewed by a Grievance Supervisor also do not appear to have been tampered with in any way. *Id*.

[5] All "affidavits" filed by Hampton contain a statement in which Hampton swears that the information set out in the "affidavits" are true and correct under the penalty of perjury.

[6] Hampton alleged that he had been diagnosed "of suffering suicidal thoughts, mood disorders and hallucinations," and that he "was being treated with medications which rendered his ability to communicate difficult." Docket no. 14 at 1.

Health section" of Bexar County Jail. *Id*. at 1-2. Additionally, Hampton stated that he submitted the relevant Grievance Form "on or about February 13-20, 2012." *Id*. at 2.

On November 25, 2014, the Magistrate Judge entered a scheduling order that provided discovery would close on April 30, 2015 and dispositive motions had to be filed by May 14, 2015. Docket no. 19. Pamerleau filed a motion for summary judgment on May 14, 2015, asserting two arguments: (1) Hampton's claim was time-barred, and (2) Hampton's claim should be dismissed for failure to comply with the Prison Litigation Reform Act ("PLRA") because Hampton did not "exhaust internal grievance procedures before seeking federal relief." Docket no. 22 at 3-4. Regarding the argument that Hampton's claim is time-barred, Pamerleau argued that a 42 U.S.C. § 1983 claim has a two-year statute of limitations, which would make Hampton's claim time-barred because the incident date according to Hampton in the complaint and "affidavit supporting the complaint" is February 9, 2012. Docket no. 22 at 3. Pamerleau also filed an affidavit in which BCADC Grievance Sargent Lance Spengler stated that "[a]t no time . . . did inmate Hampton file any grievance for an incident occurring on or around February 9, 2012." Docket no. 22 at 7-8.

Hampton responded to Pamerleau's motion for summary judgment on June 4, 2015. Docket no. 24. In his response, Hampton indicated the incident date as February 9, 2012 and argued the following: (1) Hampton "tried to exhaust his administrative remedies through the inmate grievance procedure, however, the grievance was returned to him without corrective action because the jail facility [did not] provide money damages to inmates in [its] custody for injuries caused at the hands of [its] employees"; (2) pursuant to 42 U.S.C. §1997e, the Court has "discretion" when deciding whether to require an inmate to exhaust prison administrative remedies prior to having a case heard in federal court; (3) the Court, "in the interest of justice,"

3

should exercise its discretion and stay Hampton's case allowing him to go back and exhaust the internal grievance remedies at BCADC; (4) the grievance procedures at BCADC must be "certified by [the Court] to be in compliance with statutorily defined minimum standards" pursuant to 42 U.S.C. § 1997e(a)(2)(b); (5) Hampton's claim is not barred by a the two-year limitations period because "he didn't know nor had reason to know [that] his injuries were actionable for a § 1983 claim until he filed his suit on April 14, 2014"[7] due to his alleged mental disability; and (6) the Court should hold a *pro se* complaint to "less strict standards than a motion drafted by a lawyer." Docket no. 24 at 1-3. On June 19, 2015, Hampton submitted another response to Pamerleau's summary judgment that was nearly identical to his first response, but the incident date had been changed to 2013.[8] Docket no. 27.

Also on June 19, 2015, Hampton filed the following: (1) an "affidavit in support of his pleadings for summary judgment secondary" (docket no. 28 at 1-3)[9] in which he stated the incident date as February 9, 2013 and restated the facts of the incident, and (2) an "affidavit of Dwight Hampton" (docket no. 28 at 4) that stated that "[a]ll dates on the file for the case and the grievance . . . should reflect . . . [t]he use of force incident date happened on Feb. 9, 2013 at [approximately] 9:30 to 10:30 p.m. The grievance date is 2-13-2013." With regard to the grievance procedure, Hampton stated the following: (1) he "did exhaust his grievance remedies as you will see that the grievance form shows no step 2 showing on it," (2) he "asked the cell deputy if there was another grievance and the deputy said no," and (3) he also "asked the deputy for a step two form grievance and the on duty deputy informed [him] there is no step 2 grievance forms." Docket no. 28 at 4.

---

[7] There is no indication that Hampton filed anything on April 14, 2014. His complaint was not signed until August 22, 2014. Docket no. 1.
[8] Hampton filed a duplicate of this document on June 29, 2015. Docket no. 34.
[9] Hampton filed a duplicate of this document on June 29, 2015. Docket no. 33 at 1-3.

Pamerleau filed a reply on June 22, arguing: (1) "[Hampton] never filed an amended petition stating a different date, thus the live pleading claims only [show] excessive [force] used against him on February 9, 2012," (2) the limitation period should start on February 9, 2012 because that is when Hampton stated he was treated for his injuries, and (3) Hampton should have exhausted the grievance procedures "regardless of the relief offered through administrative procedures" and "he does not assert that he filed step-two to the grievance process." Docket no. 29 at 1-2.

Magistrate Judge Mathy issued a Report and Recommendation on June 26, 2015 concluding the following: (1) Although "no reasonable finder of fact could enter judgment on the merits in favor of [Hampton] based on [his] conflicting, unexplained submissions on the date of the incident . . . in leniency to [Hampton] and caution about the lack of clarity regarding the date of the occurrence, this report does not recommend granting [Pamerleau's] motion for summary judgment on the ground [Hampton's] claim against [Pamerleau] is barred by the applicable Texas two-year statute of limitations," (2) Hampton's claim against Pamerleau "should be dismissed without prejudice for non-exhaustion of administrative remedies," because Hampton's assertion that he was seeking monetary damages for his alleged injuries "does not excuse him from the exhaustion requirement of § 1997e(a)," (3) in the event that Hampton's claims are not dismissed without prejudice for non-exhaustion of administrative remedies, his claim against the Sheriff should be dismissed for failure to state a claim, and (4) the claims against the remaining Doe defendants "must be dismissed for failure to exhaust administrative remedies," and because Hampton "has not timely prosecuted his claims against the John [and Jane] Doe defendants" because he has not provided information sufficient to identify the Doe defendants or secured timely and effective service of process on them. Docket no. 30 at 21-24.

Hampton filed a document titled "Affidavit of Dwight Hampton Amendment of Filing to Change Incident Date" on July 2, 2015 that stated "the correct date [for the incident regarding this claim] should be 2-9-2013." Docket no. 35 at 1. On July 22, 2015, Hampton filed an objection to the Magistrate Judge's Report and Recommendation. Docket no. 40. The majority of Hampton's objections discuss the limitations period issue, despite the recommendation to deny summary judgment on that issue. *See* docket no. 40 at 2-6. However, Hampton did object to the recommendation that summary judgment be granted for lack of exhaustion. *Id*. at 6. Specifically, Hampton argues that "there is nowhere on [the Grievance Forms] that says secondary grievance [n]or is there any second form that say 2nd grievance process." *Id*. Pamerleau did not file any objections to Judge Mathy's Report and Recommendation.

## STANDARD OF REVIEW

Summary judgment is required if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and

disregarding the evidence favorable to the nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000).

The Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not require *de novo* review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## ANALYSIS

If the incident occurred on February 9, 2012, Hampton's claim is time-barred. But if it occurred on February 9, 2013, it is not time-barred. The Grievance Form originally attached to the complaint, Hampton's second response to summary judgment, the "affidavit in support of his pleadings for summary judgment secondary," the "affidavit of Dwight Hampton" filed on June 19, 2015, the "amendment of filing to change incident date," and Hampton's objections to the Magistrate Judge's Report and Recommendation all indicate the incident date as February 9, 2013. Docket no. 1 at 6; docket no. 27 at 3; docket no. 28 at 1; docket no. 33 at 4; docket no. 35 at 1; docket no. 40 at 2.

Out of caution and leniency, the Magistrate Judge recommended denying summary judgment on limitations. Docket no. 30 at 21. Pamerleau did not file an objection to this recommendation. As there are several discrepancies in the record regarding the correct incident date, the Court does not find any clear error in the Magistrate Judge's determination that summary judgment should not be granted on the grounds that limitations have expired. There is

a genuine issue of material fact as to the actual incident date of the alleged use of excessive force in Hampton's claim. The Court accepts the recommendation on this issue and denies the motion for summary judgment on the basis of limitations.

The Magistrate Judge also recommends granting summary judgment in part and dismissing Hampton's claims against Pamerleau for failure to exhaust administrative remedies. On the exhaustion issue, Defendant initially asserted that the BCADC has a two-step grievance process (and submits the Affidavit of Lance Spengler in support), and that Hampton did not exhaust any grievance procedures with regard to an incident occurring on February 9, 2012. After Hampton asserted that the date was February 9, 2013 and considering the copy of the Step 1 Grievance Form in the record, Pamerleau argued in the reply that the record indicates that Hampton failed to take the second step. In response, Hampton contends that there is no step two grievance procedure. He states that the step one grievance form shows no step two grievance on it, that he asked the cell deputy if there was another grievance and the deputy said no, and he asked the deputy for a step two grievance form and was told there was no such form.

Exhaustion is a mandatory prerequisite to suit by a prisoner with respect to prison conditions. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). A prisoner must pursue a grievance through both steps for it to be exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Plaintiff admits that he failed to pursue step two of the grievance procedure, but essentially argues that he was prevented from doing so by the cell deputy. However, the policies of the PLRA require dismissal as long

as there are available grievance procedures that Plaintiff failed to exhaust. Accordingly, the Court accepts the recommendation to dismiss Plaintiff's claims without prejudice to allow Plaintiff to attempt to exhaust his administrative remedies. If the date of the incident in question was February 9, 2013, then his initial suit was not barred by limitations, and "there has been a tolling of the prescriptive period 'during the pendency of this action and any additional state administrative proceedings' that may take place." *Abbott v. Babin*, 587 F. App'x 116 (5th Cir. 2014) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)).

In summary, Defendant Pamerleau's motion for summary judgment (docket no. 22) is DENIED in part as to limitations and GRANTED in part as to the failure to exhaust administrative remedies. Plaintiff's claims against Defendant Pamerleau are DISMISSED WITHOUT PREJUDICE.

Although only Defendant Pamerleau filed a motion for summary judgment because the other defendants are Doe defendants who have not yet been identified, the Magistrate Judge recommends dismissal of Hampton's claims against the Doe defendants for failure to exhaust administrative remedies and because Plaintiff has not provided information sufficient to identify the Doe defendants or secured timely and effective service of process on them (thus he has not timely prosecuted his claims). Plaintiff did not object to this recommendation. The Court therefore ACCEPTS the recommendation and dismisses the claims against the Doe defendants WITHOUT PREJUDICE.

## CONCLUSION

The Magistrate Judge's recommendation is ACCEPTED. Defendant Pamerleau's motion for summary judgment (docket no. 22) is GRANTED IN PART and DENIED IN PART. The motion is granted for failure to exhaust administrative remedies as to Defendant Pamerleau.

The Magistrate Judge's recommendation to dismiss the claims against the Doe defendants for failure to exhaust is also ACCEPTED. Accordingly, all of Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Clerk is directed to enter Judgment according to Rule 58 and to close this case.

SIGNED this 18th day of August, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE